■ FRANK VAN BUREN, Respondent, v WORBY BOROWICK GRONER, LLP, et al., Appellants. [779 NYS2d 484]—

Order, Supreme Court, New York County (Marilyn Shafer, J.), entered February 25, 2003, which, in an action for legal malpractice, denied defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff, a passenger on a cruise ship, was playing basketball on the ship's outdoor court in a light, misty rain when he slipped and fractured his wrist. Plaintiff was examined by the ship's physician, who, inter alia, gave him painkillers and advised him to see his own doctor when he returned to New York in four days. Upon arriving in New York, plaintiff immediately went to the hospital, where, inter alia, a fracture was diagnosed and four days later plaintiff had surgery. Plaintiff alleges that the ship was negligent in permitting passengers to play basketball on a wet deck without any warning signs or other protective measures; that the ship's physician committed medical malpractice by not advising him to go to the hospital in St. Maarten where the ship was docked; that he retained defendant law firm four months after the accident to prosecute these claims against the ship's cruise line; and that defendants failed to commence an action against the cruise line within the applicable statute of limitations. There is no dispute that plaintiff's claims against the cruise line are governed by Florida law, under which, defendants argue, the claim based on the wet basketball court could not have succeeded because of the doctrine of assumption of risk. That argument lacks merit because, under Florida law, assumption of risk is not a complete defense to actions involving sports injuries unless the risk is inherent in the sport itself (*compare Kuehner v Green*, 436 So 2d 78, 80 [Fla 1983], *with Ashcroft v Calder Race Course, Inc.*, 492 So 2d 1309, 1311 [Fla 1986]), a fall on a basketball court caused by slickness from mist or rain is not a risk inherent in basketball, and a Florida court would therefore have apportioned fault between plaintiff

and the ship on the basis of comparative negligence (*cf. Mazzeo v City of Sebastian*, 550 So 2d 1113, 1116-1117 [Fla 1989]), as to which issues of fact exist. Issues of fact also exist as to plaintiff's underlying claim based on the medical treatment he received on the ship, including whether his injury was treated by the ship's doctor in accordance with the standard of practice accepted in the community (*see Salinetro v Nystrom*, 341 So 2d 1059, 1061 [Fla 3d Dist Ct App 1977]), was exacerbated by the lack of treatment during the four days after the accident and before the ship's arrival in New York, and could have been treated onshore. We have considered defendants' other arguments and find them unavailing. Concur—Ellerin, J.P., Williams, Lerner and Sweeny, JJ.